**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1503**

---

TADEO ELONGO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-906-274)

---

Submitted:  November 21, 2005        Decided:  December 27, 2005

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-
Parker, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tadeo Elongo, a native and citizen of the Democratic Republic of Congo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4) (2005), the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Elongo contends on appeal that his evidence was sufficient to support his applications for relief.

To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Elongo fails to show that the evidence compels a result contrary to the immigration judge's ruling, as affirmed by the Board.

Nor can Elongo show that he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

Additionally, we find that substantial evidence supports the finding that Elongo fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We conclude that Elongo failed to make the requisite showing below.

Therefore, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED